FILED

2016 DEC 20  PM 5: 26

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2016 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 16- SA16- CR-167 |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 554: Smuggling Goods from the United States; 16 U.S.C. §§ 1538(a)(1)(E), (F), 3372(a)(1), (4), 3373(d)(1)(B): Wildlife Trafficking; 18 U.S.C. § 1956(a)(1)(A)(i): Money Laundering; 18 U.S.C. § 2: Aiding and Abetting, and Causing an Act to be Done; 18 U.S.C. §§ 554, 981(a)(1)(A), 981(a)(1)(C), 1956(a)(1)(A)(i); 19 U.S.C. § 1595(a); 21 U.S.C. § 853, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| JAMES DEL LOLLI, DARIN SCOTT ZIEBARTH, aka "Scott Ziebarth," and LOLLI BROS. LIVESTOCK MARKET, INC., | |
| Defendants. | |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

A.   The Defendants

1.   Defendant LOLLI BROS. LIVESTOCK MARKET, INC. ("LOLLI

BROS.") was a Missouri corporation located at 704 Main Street, Suite

JOJ:DM:jo

A, Macon, Missouri.  Defendant LOLLI BROS. was engaged in the business of buying, selling, trading, and auctioning livestock and taxidermy products, including rhinoceros mounts and horns.

2.    Defendant JAMES DEL LOLLI ("JAMES LOLLI") was the president of defendant LOLLI BROS.

3.    Defendant DARIN SCOTT ZIEBARTH was an employee of defendant LOLLI BROS, operating under the direct supervision of defendant JAMES LOLLI.

B.    The Endangered Species Act

4.    The Endangered Species Act ("ESA") was enacted to provide a program for the conservation of endangered species and threatened species.

5.    Under the ESA, the term "endangered species" included any species which was in danger of extinction throughout all or a significant portion of its range.  The ESA set forth a process by which it was determined whether any species was endangered.  All species of wildlife determined to be endangered were listed at Title 50, Code of Federal Regulations, Section 17.11.

6.    The species Diceros bicornis, which is commonly known as the Black rhinoceros, was determined to be and was listed as an endangered species.

7.    The lead federal agencies responsible for the implementation, enforcement, and administration of the ESA were the United States Fish and Wildlife Service ("USFWS") and the United States National Oceanic and Atmospheric Administration – Fisheries Service.

C.    The Convention on International Trade in Endangered Species

8.    The United States was a signatory to the Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES").  CITES protected certain species of fish, wildlife, and plants against overexploitation by regulating trade in the species. Protected species were listed in appendices to CITES (Appendices I, II, and III).

9.    All rhinoceros species had a minimum level of protection under CITES under Appendix II, and some were listed under Appendix I as well.  Black rhinoceros were protected as an Appendix I species, while White rhinoceros were protected as Appendix I or II species, depending on the particular subspecies.

10.    Under Appendix I and Appendix II of CITES, a species could be exported lawfully from the United States only if, prior to exportation, the exporter possessed a valid CITES document issued by the United States for that export activity.

11.    CITES was implemented through the ESA and regulations promulgated thereunder.

12.    These Introductory Allegations are incorporated into each and every count of this Indictment.

1                              COUNT ONE

2                          [18 U.S.C. § 371]

3   A.    OBJECTS OF THE CONSPIRACY

4        Beginning on a date unknown to the Grand Jury, and including

5   from at least in or about April 2011, and continuing to on or about

6   February 18, 2012, in Los Angeles County, San Bernardino County, and

7   Orange County, within the Central District of California, and

8   elsewhere, defendants JAMES LOLLI, DARIN SCOTT ZIEBARTH, also known

9   as "Scott Ziebarth" ("SCOTT ZIEBARTH"), LOLLI BROS., and other co-

10  conspirators, both known and unknown to the Grand Jury, knowingly

11  conspired and agreed to commit the following offenses against the

12  United States:

13       1.    to knowingly and willfully defraud the United States by

14  using deceitful and dishonest means to frustrate the functions and

15  efforts of the United States Fish and Wildlife Service ("USFWS") to

16  enforce the United States' international treaty obligations under

17  CITES and to protect threatened and endangered rhinoceros species

18  from overexploitation by regulating trade in such species, in

19  accordance with the regulations and provisions of the ESA;

20       2.    to knowingly deliver, receive, carry, transport, and ship,

21  in interstate or foreign commerce, by any means whatsoever and in the

22  course of a commercial activity, endangered wildlife species, namely,

23  Black rhinoceros horn, in violation of Title 16, United States Code,

24  Sections 1538(a)(1)(E) and 1540(b);

25       3.    to knowingly sell or offer for sale in interstate or

26  foreign commerce endangered wildlife species, namely, Black

27  rhinoceros horn, in violation of Title 16, United States Code,

28  Sections 1538(a)(1)(F) and 1540(b);

                                4

1       4.   to knowingly engage in conduct that involved the sale and

2   purchase of, offer for sale and purchase of, and intent to sell and

3   purchase endangered wildlife, namely, Black rhinoceros horn, with a

4   market value in excess of $350.00, and to knowingly transport, sell,

5   receive, acquire, and purchase, and attempt to transport, sell,

6   receive, acquire, and purchase, such wildlife, knowing that the

7   wildlife was transported or sold in violation of, and in a manner

8   unlawful under, the laws and regulations of the United States, in

9   violation of Title 16, United States Code, Sections 1538(a)(1)(E),

10  (F), 3372(a)(1), (4), and 3373(d)(1)(B);

11      5.   to knowingly receive, conceal, buy, sell, and facilitate

12  the transportation, concealment, and sale of merchandise, namely,

13  rhinoceros horn, prior to exportation, knowing that such merchandise

14  is intended for exportation contrary to any law or regulation of the

15  United States, in violation of Title 18, United States Code, Section

16  554; and

17      6.   to knowingly conduct, and attempt to conduct, financial

18  transactions, knowing that property involved in a financial

19  transaction represented the proceeds of some form of unlawful

20  activity, and which property was, in fact, the proceeds of specified

21  unlawful activity, that is, smuggling goods from the United States,

22  an offense under Title 18, United States Code, Section 554, with the

23  intent to promote the carrying on of said specified unlawful

24  activity, in violation of Title 18, United States Code, Section

25  1956(a)(1)(A)(i).

26

27

28

B.   MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE

ACCOMPLISHED

The objects of the conspiracy were to be accomplished in substance as follows:

1.   Defendants JAMES LOLLI and LOLLI BROS. would identify CITES-protected White rhinoceros horns that were available for purchase in interstate and intrastate commerce throughout the United States or consignment for auction and sale through defendant LOLLI BROS.' auction house.

2.   Defendants JAMES LOLLI and LOLLI BROS. would identify CITES-protected and endangered Black rhinoceros horns that were available for purchase in interstate and intrastate commerce throughout the United States.

3.   Defendants JAMES LOLLI and LOLLI BROS. would contact EXPORTER #1, EXPORTER #2, and EXPORTER #3 (the "CALIFORNIA EXPORTERS") and the EAST COAST BROKER to provide them information about CITES-protected White rhinoceros horns that were available for purchase or auction sale from defendants JAMES LOLLI, SCOTT ZIEBARTH, and LOLLI BROS.

4.   Defendants JAMES LOLLI and LOLLI BROS. would contact the CALIFORNIA EXPORTERS and the EAST COAST BROKER to provide them information about CITES-protected and endangered Black rhinoceros horns that were available for purchase from defendants JAMES LOLLI, SCOTT ZIEBARTH, and LOLLI BROS.

5.   Defendants JAMES LOLLI and LOLLI BROS. would contact the CALIFORNIA EXPORTERS and the EAST COAST BROKER to provide them information, in exchange for an agreed upon finder's fee or commission, about CITES-protected and endangered Black rhinoceros

horns that were available for purchase from individuals throughout the United States, that had been previously located by defendants JAMES LOLLI and LOLLI BROS.

6. Defendant SCOTT ZIEBARTH would travel from Macon County, Missouri to locations throughout the United States to purchase CITES-protected White rhinoceros horns and CITES-protected and endangered Black rhinoceros horns for resale to the CALIFORNIA EXPORTERS and the EAST COAST BROKER.

7. Defendants SCOTT ZIEBARTH and JAMES LOLLI would sell, deliver, transport, and ship the rhinoceros horns in interstate commerce to the CALIFORNIA EXPORTERS and the EAST COAST BROKER, knowing that the rhinoceros horns would be exported from the United States.

8. Defendant LOLLI BROS. would pay for the packaging and shipment of the rhinoceros horns to the CALIFORNIA EXPORTERS and the EAST COAST BROKER.

9. Defendants JAMES LOLLI, SCOTT ZIEBARTH, and LOLLI BROS. would receive payment by wire transfer or the mail from the EAST COAST BROKER for rhinoceros horns sold by them to the EAST COAST BROKER.

10. Defendants JAMES LOLLI, SCOTT ZIEBARTH, and LOLLI BROS. would receive finder's fees or commissions by wire transfer or the mail from the EAST COAST BROKER for information that they provided to the EAST COAST BROKER regarding CITES-protected and endangered Black rhinoceros horns available for purchase.

11. Defendants JAMES LOLLI, SCOTT ZIEBARTH, and LOLLI BROS. would receive payment by wire transfer or hand delivery from the

1    CALIFORNIA EXPORTERS for rhinoceros horns sold by them to the

2    CALIFORNIA EXPORTERS.

3        12.   Defendants JAMES LOLLI, SCOTT ZIEBARTH, and LOLLI BROS.

4    would receive finder's fees or commissions by wire transfer or hand

5    delivery from the CALIFORNIA EXPORTERS for information that they

6    provided to the CALIFORNIA EXPORTERS regarding CITES-protected and

7    endangered Black rhinoceros horns available for purchase.

8        13.   On many occasions, defendants JAMES LOLLI, SCOTT ZIEBARTH,

9    and LOLLI BROS. would be fronted, or provided, funds to purchase

10   CITES-protected White rhinoceros horns and CITES-protected and

11   endangered Black rhinoceros horns by the CALIFORNIA EXPORTERS in

12   advance of the actual purchase of the horns.

13       14.   Defendant SCOTT ZIEBARTH would travel from Macon County,

14   Missouri to Kansas City, Missouri, to meet the CALIFORNIA EXPORTERS

15   to receive hand-delivered payments, advance funds, and finder's fees

16   related to the purchase of rhinoceros horns.  Defendants JAMES LOLLI,

17   SCOTT ZIEBARTH, and LOLLI BROS. knew that the funds received from the

18   CALIFORNIA EXPORTERS were proceeds from the illegal exportation of

19   rhinoceros horn from the United States.

20       15.   Defendants JAMES LOLLI, SCOTT ZIEBARTH, and LOLLI BROS.

21   would store funds fronted, or provided to them, by the CALIFORNIA

22   EXPORTERS for the purchase of CITES-protected White rhinoceros horns

23   and CITES-protected and endangered Black rhinoceros horns in a safe

24   located within LOLLI BROS.' business premises.

25       16.   Defendants JAMES LOLLI, SCOTT ZIEBARTH, and LOLLI BROS.

26   would store the proceeds and profits from their sales of CITES-

27   protected White rhinoceros horns and CITES-protected and endangered

28

1  Black rhinoceros horns to the CALIFORNIA EXPORTERS and the EAST COAST
2  BROKER in a safe located within the LOLLI BROS.' business premises.
3  C.    OVERT ACTS
4        In furtherance of the conspiracy and to accomplish the objects
5  of the conspiracy, defendants JAMES LOLLI, SCOTT ZIEBARTH, and LOLLI
6  BROS., and other co-conspirators, both known and unknown to the Grand
7  Jury, committed various overt acts within the Central District of
8  California, and elsewhere, including, but not limited to the
9  following:
10        On or about the following dates, defendants JAMES LOLLI, SCOTT
11  ZIEBARTH, and LOLLI BROS. met with the CALIFORNIA EXPORTERS listed,
12  at the locations listed, to sell and auction rhinoceros horn to, or
13  receive compensation and advance funds from, the CALIFORNIA
14  EXPORTERS:
15  //
16  //
17  //
18  //
19
20
21
22
23
24
25
26
27
28

| Overt Act No. | Travel Date | California Exporter | Location |
|---|---|---|---|
| 1. | 04/08/09 | Exporter #1 | Kansas City, MO |
| 2. | 04/07/10 | Exporter #1 | Kansas City, MO |
| 3. | 04/12/10 | Exporter #1 | Kansas City, MO |
| 4. | 07/07/10 | Exporter #1 | Kansas City, MO |
| 5. | 08/09/10 | Exporter #1 | St. Louis, MO |
| 6. | 09/24/10 | Exporter #1 | Kansas City, and Macon, MO |
| 7. | 12/10/10 | Exporter #1 | Kansas City, and Macon, MO |
| 8. | 03/02/11 | Exporter #1 | Kansas City, MO |
| 9. | 03/30/11 | Exporter #1 | Kansas City, MO |
| 10. | 04/06/11 | Exporter #1 | Kansas City, MO |
| 11. | 04/28/11 | Exporters #1, #2, and #3 | Kansas City, MO |
| 12. | 05/18/11 | Exporter #1 | Kansas City, MO |
| 13. | 05/25/11 | Exporter #1 | Kansas City, MO |
| 14. | 06/02/11 | Exporter #1 | Kansas City, MO |
| 15. | 06/16/11 | Exporter #1 | Kansas City, MO |
| 16. | 07/06/11 | Exporter #1 | Kansas City, MO |
| 17. | 08/10/11 | Exporter #1 | Kansas City, MO |
| 18. | 08/23/11 | Exporters #2 and #3 | Kansas City, MO |

On or about the following dates, defendants JAMES LOLLI, SCOTT ZIEBARTH, and LOLLI BROS. shipped CITES-protected rhinoceros horn to the CALIFORNIA EXPORTERS at the below-listed addresses within the Central District of California:

| Overt Act No. | Date | Listed Shipper | Receiving Address |
|---|---|---|---|
| 19. | 01/26/10 | JAMES LOLLI | 9641 Bolsa Avenue, Westminster, CA |
| 20. | 04/12/10 | JAMES LOLLI | 9641 Bolsa Avenue, Westminster, CA |
| 21. | 05/07/10 | JAMES LOLLI | 9641 Bolsa Avenue, Westminster, CA |
| 22. | 07/06/10 | JAMES LOLLI | 9641 Bolsa Avenue, Westminster, CA |
| 23. | 07/13/10 | JAMES LOLLI | 9641 Bolsa Avenue, Westminster, CA |
| 24. | 03/03/11 | JAMES LOLLI | 9641 Bolsa Avenue, Westminster, CA |
| 25. | 03/31/11 | JAMES LOLLI | 9641 Bolsa Avenue, Westminster, CA |
| 26. | 04/11/11 | JAMES LOLLI | 9641 Bolsa Avenue, Westminster, CA |
| 27. | 04/25/11 | JAMES LOLLI | 7223 Church Street, Unit A-2, Highland, CA |
| 28. | 04/29/11 | JAMES LOLLI | 9641 Bolsa Avenue, Westminster, CA |
| 29. | 04/29/11 | JAMES LOLLI | 9641 Bolsa Avenue, Westminster, CA |
| 30. | 05/20/11 | JAMES LOLLI | 9641 Bolsa Avenue, Westminster, CA |
| 31. | 06/03/11 | JAMES LOLLI | 9641 Bolsa Avenue, Westminster, CA |
| 32. | 06/23/11 | JAMES LOLLI | 9641 Bolsa Avenue, Westminster, CA |
| 33. | 07/08/11 | JAMES LOLLI | 9641 Bolsa Avenue, Westminster, CA |
| 34. | 07/27/11 | JAMES LOLLI | 9641 Bolsa Avenue, Westminster, CA |
| 35. | 08/04/11 | JAMES LOLLI | 9641 Bolsa Avenue, Westminster, CA |
| 36. | 08/25/11 | JAMES LOLLI | 9641 Bolsa Avenue, Westminster, CA |
| 37. | 08/30/11 | JAMES LOLLI | 9641 Bolsa Avenue, Westminster, CA |
| 38. | 08/31/11 | JAMES LOLLI | 9641 Bolsa Avenue, Westminster, CA |
| 39. | 10/06/11 | JAMES LOLLI | 9641 Bolsa Avenue, Westminster, CA |
| 40. | 10/07/11 | JAMES LOLLI | 9641 Bolsa Avenue, Westminster, CA |

| Overt Act No. | Date | Listed Shipper | Receiving Address |
|---|---|---|---|
| 41. | 11/01/11 | JAMES LOLLI | 9641 Bolsa Avenue, Westminster, CA |
| 42. | 11/17/11 | JAMES LOLLI | 9641 Bolsa Avenue, Westminster, CA |
| 43. | 12/13/11 | JAMES LOLLI | 9641 Bolsa Avenue, Westminster, CA |
| 44. | 12/22/11 | JAMES LOLLI | 9641 Bolsa Avenue, Westminster, CA |

On or about the following dates, the CALIFORNIA EXPORTERS and the EAST COAST BROKER wired funds to defendant LOLLI BROS., in the amounts listed below, for the purchase of CITES-protected rhinoceros horn that was illegally exported from the United States:

| Overt Act No. | Date | Amount of Funds Wired | Source of Wire Transfer |
|---|---|---|---|
| 45. | 05/07/09 | $9,000.00 | California Exporter #2 |
| 46. | 07/20/09 | $8,000.00 | California Exporter #2 |
| 47. | 07/22/09 | $7,500.00 | California Exporter #2 |
| 48. | 12/14/09 | $9,700.00 | California Exporter #1 |
| 49. | 12/17/09 | $9,700.00 | California Exporter #2 |
| 50. | 01/03/10 | $9,000.00 | California Exporter #2 |
| 51. | 01/25/10 | $9,000.00 | California Exporter #2 |
| 52. | 04/29/10 | $8,000.00 | California Exporter #2 |
| 53. | 04/30/10 | $8,000.00 | California Exporter #2 |
| 54. | 05/03/10 | $8,000.00 | California Exporter #2 |
| 55. | 05/04/10 | $8,000.00 | California Exporter #2 |
| 56. | 07/12/10 | $18,000.00 | California Exporter #2 |
| 57. | 07/12/10 | $8,000.00 | California Exporter #2 |
| 58. | 10/05/10 | $132,000.00 | East Coast Broker from account in China |
| 59. | 11/01/10 | $70,000.00 | East Coast Broker |

| Overt Act No. | Date | Amount of Funds Wired | Source of Wire Transfer |
|---|---|---|---|
| 60. | 12/01/10 | $55,000.00 | East Coast Broker |
| 61. | 12/20/10 | $49,980.00 | East Coast Broker |
| 62. | 01/01/11 | $37,000.00 | East Coast Broker |
| 63. | 01/11/11 | $37,000.00 | East Coast Broker |
| 64. | 01/18/11 | $129,980.00 | East Coast Broker |
| 65. | 02/25/11 | $70,000.00 | East Coast Broker |
| 66. | 03/30/11 | $130,000.00 | East Coast Broker |
| 67. | 05/04/11 | $71,400.00 | East Coast Broker |

Overt Act No. 68: On or about August 25, 2009, defendant JAMES LOLLI sent an email using a defendant LOLLI BROS. email account to W.V. in Powell, Wyoming, regarding the legality of selling rhinoceros horn in interstate commerce.

Overt Act No. 69: On or about February 2, 2010, defendants JAMES LOLLI and LOLLI BROS. received rhinoceros horns in the mail from W.V. in Powell, Wyoming.

Overt Act No. 70: In or about February 2010, defendant JAMES LOLLI told W.V. in Powell, Wyoming, that he did not want to issue a LOLLI BROS. check to W.V., because he wanted to keep the rhinoceros horn purchase "off the books."

Overt Act No. 71: On or about January 13, 2010, defendant JAMES LOLLI told a representative of the USFWS that he knew it was illegal to sell Black rhinoceros horn.

Overt Act No. 72: On or about July 19, 2010, C.W. contacted defendant JAMES LOLLI about selling two sets of Black rhinoceros horns through defendants JAMES LOLLI and LOLLI BROS. During subsequent discussions, defendant JAMES LOLLI told C.W., "if they

13

where White it could be sold to someone in the Middle East and could make a lot of money, but if it's a Black rhino, it's a limited market, and he could not make a commission."

Overt Act No. 73:  On or about August 3, 2010, K.L. in California contacted defendant JAMES LOLLI at defendant LOLLI BROS.' business to sell a Black rhinoceros mount with horns through defendant LOLLI BROS.' auction and sales business.  Defendant JAMES LOLLI told K.L. that the horns could only be sold within the State of California.  Defendant JAMES LOLLI provided the information regarding the Black rhinoceros mount with horns to CALIFORNIA EXPORTER #1, who then purchased the mount from K.L.

Overt Act No. 74:  On or about September 25, 2010, defendant JAMES LOLLI sold 29.5 pounds of White rhinoceros horns to the EAST COAST BROKER for $132,000 (see Overt Act No. 58 for the corresponding wire in the amount of $132,000 from China).

Overt Act No. 75:  On or about March 6, 2011, defendant JAMES LOLLI arranged for Straw Purchaser L.S. to purchase a pair of Black rhinoceros horns from K.M. in San Diego, California, for subsequent sale to CALIFORNIA EXPORTER #1.

Overt Act No. 76:  On or about September 20, 2011, R.H. sold a pair of White rhinoceros horns to defendants JAMES LOLLI and LOLLI BROS. for $95,000.00.  At the time of sale, defendant JAMES LOLLI told R.H. that the destination markets for rhinoceros horn were in Asia and the Middle East.

Overt Act No. 77:  On or about October 11, 2011 a law enforcement officer acting in an undercover capacity in the State of Iowa (the "UCO") contacted defendant JAMES LOLLI by email at email address "lollibros@lollibros.com" to discuss the potential sale of an

1  unknown species rhinoceros mount.  During a subsequent phone call on
2  October 18, 2011, defendant JAMES LOLLI told the UCO, "[t]hat is a
3  Black rhino, no doubt, no question, and it has to be sold in your
4  state."  Defendant JAMES LOLLI offered to have a "guy" from Iowa
5  purchase the mount from the UCO, explaining, "[t]hat's the legal
6  way."  Defendant JAMES LOLLI further explained to the UCO, "[i]f you
7  want to, I can get it sold for you … I can't receive any commission,
8  that's the way the law is."

9      Overt Act No. 78:  On or about October 20, 2011, the UCO spoke
10 to defendant JAMES LOLLI regarding the sale of the Black rhinoceros
11 mount in Iowa.  Defendant JAMES LOLLI explained that he was going to
12 have an individual working with CALIFORNIA EXPORTER #1 contact the
13 UCO to purchase the mount in Iowa.  When asked by the UCO if he could
14 trust these people, defendant JAMES LOLLI stated as follows, "[o]h
15 yeah, no, no, I trust the, I deal with them every day … [CALIFORNIA
16 EXPORTER #1] is the main guy, but he's got people everywhere that,
17 but this is the only way to keep it legal."

18     Overt Act No. 79:  On November 4, 2011, after the transaction
19 that defendant JAMES LOLLI set up between the UCO and CALIFORNIA
20 EXPORTER #1 fell through, defendant JAMES LOLLI agreed to purchase
21 the Black rhinoceros horns from the UCO in the State of Missouri for
22 $30,000.

23     Overt Act No. 80:  On or about November 8, 2011, defendants
24 JAMES LOLLI and SCOTT ZIEBARTH met with the UCO at defendant LOLLI
25 BROS.' business to purchase the Black rhinoceros horns in interstate
26 commerce between Iowa and Missouri.

27

28

1       Overt Act No. 81:   On or about November 8, 2011, defendant SCOTT

2   ZIEBARTH paid the UCO $30,000 cash for the Black rhinoceros horns

3   within the "trophy room" of defendant LOLLI BROS. business.

4       Overt Act No. 82:   On November 8, 2011, following the purchase

5   of the Black rhinoceros horns from the UCO at defendant LOLLI BROS.'

6   business location, defendant JAMES LOLLI stated to the UCO in the

7   presence of defendant SCOTT ZIEBARTH, "[t]he Blacks are a bad deal …

8   I would rather just keep a low profile on them things … we try not to

9   do much … that's why we just rather set it up and have nothing to do

10  with it."

11      Overt Act No. 83:   On or about November 17, 2011, defendant

12  JAMES LOLLI shipped the Black rhinoceros horns purchased from the UCO

13  on November 8, 2011 in interstate commerce from Macon County,

14  Missouri to the CALIFORNIA EXPORTERS in Orange County, California.

15      Overt Act No. 84:   In or about September 2011, legal

16  representatives of the J.V. Trust Estate in Kansas City, Missouri,

17  discussed the sale of a Black rhinoceros mount with defendant JAMES

18  LOLLI by phone and his email account at defendant LOLLI BROS.'

19  business.   Defendant JAMES LOLLI told the trust estate legal

20  representatives that the Black rhino was listed as endangered and

21  could only be sold to a Missouri resident who agreed to never take

22  the mount out of Missouri.   Defendant JAMES LOLLI told the trust

23  estate legal representatives that he had "private buyers" in Missouri

24  that would be interested in purchasing the Black rhinoceros horns.

25      Overt Act No. 85:   On or about December 19, 2011, defendant

26  SCOTT ZIEBARTH traveled from Macon County, Missouri to Kansas City,

27  Missouri, to purchase the Black rhinoceros horns from the J.V. Trust

28

1  Estate for $41,250 cash, less a 10% commission for defendant JAMES
2  LOLLI and himself.

3      Overt Act No. 86:  On or about December 22, 2011, defendant
4  JAMES LOLLI sold and shipped the Black rhinoceros horns purchased by
5  defendant SCOTT ZIEBARTH from the J.V. Trust Estate to the CALIFORNIA
6  EXPORTERS in Orange County, California.

7      Overt Act No. 87:  On or about February 16, 2012, defendants
8  JAMES LOLLI and SCOTT ZIEBARTH agreed to purchase two pairs of Black
9  rhinoceros horns and one pair of White rhinoceros horns from R.W.N.
10  in Tennessee with the intent to sell and deliver the horns to the
11  CALIFORNIA EXPORTERS in Orange County, California.

12      Overt Act No. 88:  On or about February 17, 2012, defendant
13  SCOTT ZIEBARTH traveled from Macon County, Missouri to Mount Vernon,
14  Illinois, to purchase in interstate commerce the two pairs of Black
15  rhinoceros horns and single pair of White rhinoceros horns from
16  R.W.N.

17      Overt Act No. 89:  On or about February 17, 2012, defendant
18  SCOTT ZIEBARTH purchased two pairs of Black rhinoceros horns and a
19  single pair of White rhinoceros horns from R.W.N. in Mount Vernon,
20  Illinois, for $180,000 cash, and then transported the horns back to
21  Macon County, Missouri, where he concealed them in his residence
22  prior to the intended sale, transportation, and shipment of the horns
23  from defendant LOLLI BROS.' business premises to the CALIFORNIA
24  EXPORTERS in Orange County, California.

25
26
27
28

COUNT TWO

[18 U.S.C. § 554]

On or about December 22, 2011, in Orange County, within the Central District of California, and elsewhere, defendants JAMES DEL LOLLI, DARIN SCOTT ZIEBARTH, also known as "Scott Ziebarth," and LOLLI BROTHERS LIVESTOCK MARKET, INC. knowingly received, concealed, bought, sold, and facilitated the transportation, concealment, and sale of merchandise, namely, endangered Black rhinoceros horn, prior to exportation, knowing that such rhinoceros horn was intended for exportation contrary to any law or regulation of the United States, that is, (1) without declaring said merchandise to officials of the United States Fish and Wildlife Service, in violation of Title 50, Code of Federal Regulations, Section 14.63; (2) without obtaining an export permit, in violation of the Endangered Species Act, Title 16, United States Code, Sections 1538(a)(1)(A), 1538(c), and 1540(b), Title 50, Code of Federal Regulations, Section 17.21(b), and Title 50, Code of Federal Regulations, Sections 23.13(a) and 23.13(c); and (3) by transporting and shipping an endangered species in foreign commerce in the course of a commercial activity, in violation of the Endangered Species Act, Title 16, United States Code, Sections 1538(a)(1)(E) and 1540(b).

COUNT THREE

[18 U.S.C. § 554]

On or about February 17, 2012, in Orange County, within the Central District of California, and elsewhere, defendants JAMES DEL LOLLI, DARIN SCOTT ZIEBARTH, also known as "Scott Ziebarth," and LOLLI BROTHERS LIVESTOCK MARKET, INC. knowingly received, concealed, bought, sold, and facilitated the transportation, concealment, and sale of merchandise, namely, endangered Black rhinoceros horn, prior to exportation, knowing that such rhinoceros horn was intended for exportation contrary to any law or regulation of the United States, that is, (1) without declaring said merchandise to officials of the United States Fish and Wildlife Service, in violation of Title 50, Code of Federal Regulations, Section 14.63; (2) without obtaining an export permit, in violation of the Endangered Species Act, Title 16, United States Code, Sections 1538(a)(1)(A), 1538(c), and 1540(b), Title 50, Code of Federal Regulations, Section 17.21(b), and Title 50, Code of Federal Regulations, Sections 23.13(a) and 23.13(c); and (3) by transporting and shipping an endangered species in foreign commerce in the course of a commercial activity, in violation of the Endangered Species Act, Title 16, United States Code, Sections 1538(a)(1)(E) and 1540(b).

1                        COUNT FOUR

2                   [18 U.S.C. § 554]

3      On or about February 17, 2012, in Orange County, within the

4  Central District of California, and elsewhere, defendants JAMES DEL

5  LOLLI, DARIN SCOTT ZIEBARTH, also known as "Scott Ziebarth," and

6  LOLLI BROTHERS LIVESTOCK MARKET, INC. knowingly received, concealed,

7  bought, sold, and facilitated the transportation, concealment, and

8  sale of merchandise, namely, CITES-protected rhinoceros horn, prior

9  to exportation, knowing that such rhinoceros horn was intended for

10 exportation contrary to any law or regulation of the United States,

11 that is, (1) without declaring said merchandise to officials of the

12 United States Fish and Wildlife Service, in violation of Title 50,

13 Code of Federal Regulations, Section 14.63; and (2) without obtaining

14 an export permit, in violation of the Endangered Species Act, Title

15 16, United States Code, Section 1538(c), and Title 50, Code of

16 Federal Regulations, Section 23.13(a) and 23.13(c).

17

18

19

20

21

22

23

24

25

26

27

28

COUNT FIVE

[16 U.S.C. §§ 1538(a)(1)(E), (F), 3372(a)(1), (4), 3373(d)(1)(B)]

On or about February 17, 2012, in Orange County, within the Central District of California, and elsewhere, defendants JAMES DEL LOLLI, DARIN SCOTT ZIEBARTH, also known as "Scott Ziebarth," and LOLLI BROTHERS LIVESTOCK MARKET, INC. knowingly engaged in conduct that involved the sale and purchase of, offer for sale and purchase of, and intent to sell and purchase endangered wildlife, namely, Black rhinoceros horn, with a market value in excess of $350.00, and to knowingly transport, sell, receive, acquire, and purchase, and attempt to transport, sell, receive, acquire, and purchase, such wildlife, knowing that the wildlife was transported or sold in violation of, and in a manner unlawful under, the laws and regulations of the United States.

COUNT SIX

[18 U.S.C. § 1956(a)(1)(A)(i), 2]

On or about February 19, 2012, in Orange County, within the Central District of California, and elsewhere, defendants JAMES DEL LOLLI, DARIN SCOTT ZIEBARTH, also known as "Scott Ziebarth," and LOLLI BROTHERS LIVESTOCK MARKET, INC. knowingly and willfully conducted, and attempted to conduct, a financial transaction affecting interstate and foreign commerce, namely, the movement of approximately $180,000 in funds from Macon County, Missouri to Jefferson County, Illinois, and the movement, and attempted movement, of approximately $180,000 in funds from Orange County, California to Macon County, Missouri, knowing that the funds involved in the financial transaction represented the proceeds of some form of unlawful activity, and which funds were, in fact, the proceeds of specified unlawful activity, that is, smuggling goods from the United States, namely, CITES-protected and endangered rhinoceros horn, in violation of Title 18, United States Code, Section 554, with the intent to promote the carrying on of said specified unlawful activity.

FORFEITURE ALLEGATION

[18 U.S.C. § 981 (a)(1)(C) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture of the following as part of any sentence in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) in the event of any defendant's conviction under Count One of this Indictment:

a.    Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Sections 554 or 1956; or

b.    A sum of money equal to the total value of the property described above in subsection a.  If more than one defendant is found guilty of Count One, each such defendant shall be jointly and severally liable for the entire amount forfeited pursuant to that Count.

2.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), each defendant shall forfeit substitute property, up to the total value of the property described in the preceding paragraph, if, as a result of any act or omission of a defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION

18 U.S.C. § 982(a)(2)(B)

1.   Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture of the following as part of any sentence in accordance with Title 18, United States Code, Section 982(a)(2)(B) in the event of any defendant's conviction under Counts Two, Three, or Four of this Indictment:

        a.   Any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

        b.   A sum of money equal to the total value of the property described above in subsection a.  If more than one defendant is found guilty of Counts Two, Three, or Four, each such defendant shall be jointly and severally liable for the entire amount forfeited pursuant to that Count.

2.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), each defendant shall forfeit substitute property, up to the total value of the property described in the preceding paragraph, if, as a result of any act or omission of a defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION

[16 U.S.C. § 3374(a)(1)]

1.   Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture of the following as part of any sentence in accordance with Title 16, United States Code, Section 3374 in the event of any defendant's conviction under Count Five of this Indictment:

a.   All fish or wildlife or plants imported, exported, transported, sold, received, acquired, or purchased contrary to the provisions of Title 16, United States Code, Section 3372 (other than Section 3372(b)), or any regulation issued pursuant thereto; and

b.   All vessels, vehicles, aircraft, and other equipment used to aid in the importing, exporting, transporting, selling, receiving, acquiring, or purchasing of fish or wildlife or plants in a criminal violation of Section 3372 if the owner of such vessel, vehicle, aircraft, or equipment was at the time of the alleged illegal act a consenting party or privy thereto or in the exercise of due care should have known that such vessel, vehicle, aircraft, or equipment would be used in a criminal violation of Section 3372, and the violation involved the sale or purchase of, the offer of sale or purchase of, or the intent to sell or purchase, fish or wildlife or plants.

FORFEITURE ALLEGATION

[18 U.S.C. § 982(a)(1)]

1.    Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture of the following as part of any sentence in accordance with Title 18, United States Code, Section 982(a)(1) in the event of any defendant's conviction under Count Six of this Indictment:

        a.    Any property, real or personal, involved in a violation of Title 21, United States Code, Section 1956(a)(1)(A)(i), or any property traceable to such property.

        b.    A sum of money equal to the total value of the property described above in subsection a.  If more than one defendant is found guilty of Count Six, each such defendant shall be jointly and severally liable for the entire amount forfeited pursuant to that Count.

2.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), each defendant shall forfeit substitute property, up to the total value of the property described in the preceding paragraph, if, as a result of any act or omission of a defendant, the property

//

//

//

//

//

//

described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been

26

transferred or sold to, or deposited with a third party; (c) has been

placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with

other property that cannot be divided without difficulty.

A TRUE BILL


_____/S/_____
Foreperson


EILEEN M. DECKER
United States Attorney


LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

JOSEPH O. JOHNS
Assistant United States Attorney
Chief, Environmental and
Community Safety Crimes Section